BEFORE THE FIRST DIVISION, AUGUST 5, 1958

**No. 62251.**—Union Novelty Co., Inc. *v.* United States, protests 280414–K, etc. (New York)

OLIVER, Chief Judge:   The protests enumerated in schedule "A," hereto attached and made a part hereof, relate to merchandise identified on the invoices

as item 2542, and variously described as "shell strings," or "strings of sea shells," or "shell spangles," with certain qualifying or descriptive words. The collector classified the merchandise as unfinished jewelry and assessed duty at the rate of 55 per centum ad valorem under paragraph 1527 (a) (2) of the Tariff Act of 1930, as modified by T. D. 51802. Plaintiff claims free entry for the merchandise under the provision in paragraph 1738 of the Tariff Act of 1930 for "shells, not sawed, cut, flaked, polished, or otherwise manufactured, or advanced in value from the natural state."

At the time of trial, counsel for the respective parties stipulated that the articles in question are the same in all material respects as the shells which were the subject of *United States* v. *Colonial Bead Co , Inc.*, 36 C. C. P. A. (Customs) 78, C. A. D. 401, "except as to the question of use" (R. 4). In the cited case, the merchandise consisted of small sharply pointed marine shells that were not sawed, cut, flaked, or polished. They had rough holes punched near the open ends and were strung on pieces of ordinary cotton string. Some of the shells were dyed, while the others were of ivory white natural color. The appellate court held that the punching, stringing, or dyeing operations did not, in a tariff sense, advance the shells in value from the natural state and, accordingly, sustained the importer's claim for classification under paragraph 1738, *supra*.

A sample of the merchandise in question is in evidence (plaintiff's exhibit 2). It consists of two strings of small sharply pointed shells that have holes near the open ends. Although the shells, making up the sample before us, are natural in color, it appears from the record that the shipments involved herein also included colored shells.

By virtue of counsel's agreement that the shells in question are the same in all material respects as those which were the subject of the *Colonial Bead Co., Inc.*, case, *supra*, it follows that the present merchandise is within the class or kind of articles provided for under the provision in paragraph 1738, *supra*, invoked by plaintiff. Thus, the sole question before us is whether these shells are more specifically provided for as unfinished jewelry, as classified by the collector. If not, then plaintiff's claim is good.

Two witnesses testified. They were the vice president of, and a salesman employed by, the plaintiff corporation, a manufacturer of sequins and an importer of various products, including the articles in question. Their combined testimony shows that these shells, as imported, are temporarily strung in uniform lengths, between 15 and 17 inches, and that there is substantial use therefor by so-called packagers, and in the embroidery trade. The packagers, after removing the strings, put small quantities of these shells in convenient containers, such as a cellophane envelope or a small plastic box, which are sold mostly to "the five and ten cent stores" (R. 11). Illustrative of such use is a cellophane envelope, containing approximately 35 blue-colored shells, which is sealed by means of an advertising card, bearing the words "FASHION TRIMMINGS," and with crude illustrations of articles of wearing apparel showing some of the uses of these shells as ornaments (plaintiff's illustrative exhibit 1). In the embroidery trade, the shells are used to ornament sweaters, or collars (plaintiff's illustrative exhibit 3), or ties (plaintiff's exhibit 4).

While the record before us is not as complete as might be expected, plaintiff's uncontradicted evidence is sufficient to establish, *prima facie*, at least, that the shells under consideration are used for various purposes and that they are not dedicated to the making of articles of jewelry. Under such a factual condition, the merchandise is not properly classifiable as unfinished jewelry, as assessed by the collector. *United States* v. *Wanamaker*, 14 Ct. Cust. Appls. 285, T. D. 41888, and cases therein cited.

On the agreed facts, heretofore outlined, that bring the articles under consideration within the purview of paragraph 1738, *supra*, we hold the shells in question, as hereinabove identified, to be free of duty thereunder, as claimed by plaintiff.

The protests are sustained and judgment will be rendered accordingly.